1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PROMISE INVESTMENT, LLC,                    No.  2:16-cv-2672-KJM-EFB PS

12                 Plaintiff,

13         v.                                     ORDER

14   SERGIO VALENCIA and Does I to X,
     Inclusive,
15
                   Defendant.
16

17

18
            On November 10, 2016, defendant Sergio Valencia, proceeding pro se, removed
19
     this unlawful detainer action from San Joaquin County Superior Court.  ECF No. 1.  Mr. Valencia
20
     also filed a motion to proceed in forma pauperis.  ECF No. 2.  As explained below, the court
21
     REMANDS the case to the San Joaquin County Superior Court and DENIES as moot Mr.
22
     Valencia's motion to proceed in forma pauperis.
23
     I.    SUBJECT MATTER JURISDICTION
24
            A.    Legal Standard
25
            When a case "of which the district courts of the United States have original
26
     jurisdiction" is initially brought in state court, a defendant may remove it to federal court.  28
27
     U.S.C. § 1441(a).  There are two primary bases for federal subject matter jurisdiction: (1) federal
28

                                              1

1    question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C.

2    § 1332.

3            As provided by § 1331, district courts have federal question jurisdiction over "all

4    civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §

5    1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law

6    "only when the plaintiff's statement of his own cause of action shows that it is based upon

7    [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Federal

8    question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v.*

9    *Discover Bank*, 556 U.S. 49, 60 (2009).

10            As provided by § 1332, district courts have diversity-in-citizenship jurisdiction

11   where the amount in controversy exceeds $75,000 and the parties are in complete diversity. 28

12   U.S.C. § 1332. "Where it is not facially evident from the complaint that more than $75,000 is in

13   controversy, the removing party must prove, by a preponderance of the evidence, that the amount

14   in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*,

15   319 F.3d 1089, 1090 (9th Cir. 2003).

16            A federal district court may remand a case sua sponte where a defendant has not

17   established federal jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it

18   appears that the district court lacks subject matter jurisdiction, the case shall be remanded.");

19   *Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic*

20   *Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

21           B.     Discussion

22            Mr. Valencia's Notice of Removal asserts the court has federal question

23   jurisdiction because "Defendant's Answer, a pleading depend [sic] on the determination of

24   Defendant's rights and Plaintiff's duties under federal law." ECF No. 1 at 3. However, the form

25   complaint plaintiff filed in state court asserts only a claim for unlawful detainer under California

26   Code of Civil Procedure section 1161a, which is a matter of state law. *See* Compl., Ex. "A," ECF

27   No. 1.

28

1          As stated above, Mr. Valencia's answer or counterclaim cannot serve as the basis

2  for federal question jurisdiction.  *Vaden*, 556 U.S. at 60.  Plaintiff is the master of the complaint

3  and may, as here, "avoid federal jurisdiction by pleading solely state-law claims."  *Valles v. Ivy*

4  *Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005).  Because plaintiff's complaint does not show

5  that it is based upon federal law, the court does not have federal question jurisdiction over the

6  action.

7          Neither does the court appear to have diversity jurisdiction.  Plaintiff's form

8  complaint declares this is a "limited case" where the amount in controversy "does not exceed

9  $10,000."  Compl., Ex. "A," ECF No. 1.  The complaint demarcates the limited damages plaintiff

10  seeks: $1,350 in past due rent, $45.00 a day for each day after October 1, 2016, and the costs of

11  suit.  *Id.*  Because these damages are not likely to total more than $75,000, and Mr. Valencia has

12  provided no other evidence or allegations as to the amount in controversy, the court does not

13  appear to have diversity jurisdiction over the action.

14  II.    REQUEST TO PROCEED IN FORMA PAUPERIS

15          For the foregoing reasons, the court has determined sua sponte that it appears to

16  lack subject matter jurisdiction, and thus remands the case to the San Joaquin County Superior

17  Court.  *Cf. Matheson*, 319 F.3d at 1090 ("Where doubt regarding the right to removal exists, a

18  case should be remanded to state court.").  As a result, Mr. Valencia's motion to proceed in forma

19  pauperis is moot.

20  III.    CONCLUSION

21          It is HEREBY ORDERED that:

22          1. This action is REMANDED to San Joaquin County Superior Court.

23          2. Mr. Valencia's motion to proceed in forma pauperis is DENIED as moot.

24          IT IS SO ORDERED.

25  This order resolves ECF No. 2.

26  DATED:  December 8, 2016.

27

28                                 UNITED STATES DISTRICT JUDGE

3